CARTER v. HOBBS et al.

(District Court, D. Indiana. May 18, 1899.)

No. 5,945.

BANKRUPTCY—PREFERENCES—ACCOUNTING BY PREFERRED CREDITOR.

A lease of a manufacturing establishment, made by an insolvent debtor to one of his creditors, as part of a fraudulent scheme to place his property within the exclusive control of such creditor, and accepted by the latter with knowledge of the lessor's insolvency, and with the intention of securing to himself an advantage over the other creditors, will be set aside, on petition of the lessor's trustee in bankruptcy, as fraudulent and preferential; and the lessee will be required to account to such trustee for the net profits of the business conducted by him on the premises while the same remained in his possession.

In Bankruptcy. On petition of Walter Carter, as trustee in bankruptcy of Beecher Goodykoontz, against the bankrupt and Zachariah T. Hobbs, to set aside certain mortgages and a lease of a brickmaking establishment made by the bankrupt to Hobbs, as being preferential and fraudulent. For decision of the court overruling a demurrer to the petition, see 92 Fed. 594.

Gardiner, Barrett & Brown and Gifford & Coleman, for complainant.

Gavin & Davis and Fippen & Purvis, for defendants.

BAKER, District Judge. This is a suit by Carter, trustee, against the defendants for the purpose of setting aside two mortgages and a lease of certain real estate, on the ground that the same are severally preferential; and were executed for the purpose of hindering, delaying, and defrauding the creditors of the bankrupt, and of giving Hobbs a larger percentage than other creditors of the estate. On the 22d day of August, 1898, the bankrupt executed and delivered to Hobbs a mortgage on certain real estate described in the complaint to secure a note of even date for the sum of $2,150, due in 30 days. On the 14th day of November, 1898, the bankrupt executed and delivered to Hobbs a chattel mortgage on certain personal property therein described to secure the payment of a note for $1,798.67, due one day after date. The lease or agreement under which Hobbs took possession of the brick-manufacturing establishment and premises was made about the 22d day of August, 1898; and, under and in pursuance of it, Hobbs entered into possession and used the same until the 25th day of December, 1898. The defendant Hobbs answered the complaint, admitting that the two mortgages mentioned were invalid, as being preferential in their character, and that the same were void, as being within the inhibition of the bankruptcy law; but he denied that the agreement under which he took possession and used the leasehold premises was preferential, or taken by him for

the purpose of defrauding creditors or of obtaining any advantage over them. The three instruments that are assailed were executed by the bankrupt to Hobbs at about the same time, and are so nearly connected together that the court is of opinion that they were all executed with the same fraudulent purpose. Hobbs knew at and before the time that the instruments were executed, and at and before the time that he took possession of the leasehold property, that Goody-koontz was hopelessly insolvent. The court is of opinion that the instrument under which Hobbs took possession of the leasehold premises, and his possession of the same, were in fraud of the bankrupt law, and taken with the view and intent of obtaining an advantage over other creditors, and that the possession of the leasehold property must be held to be fraudulent and void as against creditors, the same as the real estate and chattel mortgage.

The court is of opinion that the defendant Hobbs ought to be charged with profits and gains received by him from the use of the lease-hold property in the sum of $2,277, and that he is entitled to a credit for expenses and disbursements made by him in the conduct of the brick business on the leasehold property in the sum of $1,944.65, and that he ought to pay to the trustee, the plaintiff in this case, the sum of $332.35, as gains and profits received by him in fraud of the bankrupt law. An order will therefore be entered that the two mortgages mentioned in the complaint, as well as the agreement for the leasehold interest, be adjudged invalid and set aside as fraudulent and preferential, and that the plaintiff shall have judgment in the sum of $332.35 for gains and profits received by the defendant Hobbs on account of the use and possession of the leasehold premises. So ordered, and the clerk will prepare a decree accordingly.